1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JAMES ANTHONY WILLIAMS,

9

Plaintiff,

CASE NO. C18-183 RSL-BAT

10

v.

**REPORT AND
RECOMMENDATION**

11

BRUCE C. GAGE, *et al.*,

12

Defendants.

13

In this 42 U.S.C. § 1983 action, *pro se* plaintiff, an inmate at Monroe Correctional

14

Complex ("MCC"), alleges that defendants—all people related to his confinement, legal access,

15

and medical treatment at MCC—violated the First, Eighth, and Fourteenth Amendments of the

16

Constitution on January 18, 2018, and on other unspecified dates, by forcing antipsychotic

17

medications on him and preventing him from pursuing civil-rights lawsuits. Dkt. 10. Defendants

18

move to dismiss for failure to comply with Federal Rule of Civil Procedure 8(a)(2) or,

19

alternatively, move for a more definite statement under Federal Rule 12(e). Dkt. 26. Plaintiff

20

filed no opposition to defendants' motion. The Court recommends **DENYING** defendants'

21

motion to dismiss but **GRANTING** their motion for a more definite statement. The Court also

22

recommends **DENYING** defendants' motion to consolidate at this time.

23

As defendants note, plaintiff has recently filed with the Western District a number of

civil-rights complaints that are lengthy and filled with claims that can be less than pellucid. *See*

REPORT AND RECOMMENDATION - 1

1    C17-5615-BHS-DWC; C17-6077-BHS-JRC; C17-6076-RBL-DWC; C18-46-RAJ-BAT; C18-

2    218-JCC-MAT. In the current case, plaintiff seeks an injunction so that he will no longer be

3    forced to take antipsychotic medications and damages. Dkt. 10, at 3–4.

4         Defendants move to dismiss this case for plaintiff's failure to comply with Federal Rule

5    8(a)(2), which requires a short and plain statement of the claim. The Court recognizes that

6    plaintiff's 28-page complaint is difficult to decipher. Plaintiff's Ground 1 is an 18-page,

7    rambling narrative about the background, history, and impact of a medical condition he calls

8    Security Housing Unit Syndrome ("SHU Syndrome") that led him to being forced to take

9    antipsychotic medication on January 18, 2018, in retaliation for his history of filing civil-rights

10   suits. Dkt. 10, at 5–23. In the remainder of his complaint, Grounds 2 through 6, plaintiff then sets

11   forth claims against various defendants who, at an unspecified time, impeded his access to legal

12   materials but did not administer medical treatment. Dkt. 10, at 20–26. But plaintiff's request for

13   relief—for defendants to stop administering antipsychotic medication and damages due to

14   administration of that medication—is related *only* to his medical treatment. Moreover, plaintiff

15   may have raised some of his undated claims—aside from administration of antipsychotic

16   medications against his will on January 18, 2018—in C18-46-RAJ-BAT. The current case would

17   therefore be a good candidate for dismissal for failure to provide a short and plain statement of

18   the claim.

19        Nonetheless, the Court recommends denying defendants' motion to dismiss and instead

20   granting defendants' motion under Federal Rule 12(e) for a more definite statement about which

21   defendants are inculpated in what conduct and at what time. Although plaintiff is *pro se* and

22   acknowledges lifelong mental illness, defendants must be afforded a reasonable opportunity to

23   file a response. Plaintiff should therefore file an amended complaint that clearly sets forth what

REPORT AND RECOMMENDATION - 2

1    claims he is pursuing here. The Supreme Court provides that a pleading contain "enough facts to

2    state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3    570 (2008). Although plaintiff has submitted a 28-page complaint that contains 6 grounds for

4    relief, grounds 2 through 6 fail to refer to what specific acts defendants did on what specific

5    dates and why these are related to his requested relief from antipsychotic medications. Dkt. 10, at

6    20–26. Plaintiff is not well-served by including claims in *this* complaint that he has already

7    pleaded in *other* complaints because, if they are resolved in other cases, those claims will be

8    precluded in the present case. Moreover, plaintiff himself asserts that he suffers from a mental

9    illness that compels him to (1) "threaten to kill and torture and mutilate prison guards and other

10   inmates"; (2) "talk other inmates in [Intensive Management Unit] into committing suicide";

11   (3) "constantly smear[] feces"; (4) "constantly talk[] to oneself at the top of your lungs for days

12   and days without sleep; (5) "confus[]ion[] and psychosis that resembles brain damage or

13   del[i]rium"; (6) hallucinations; and (7) "cutting on oneself and suicide." Dkt. 10, at 13. Such

14   acknowledgements may imply the reasonableness of administering antipsychotic medication

15   against a person's will. Plaintiff must provide a more definite statement of his claims in order to

16   move his claims out of the realm of "conceivable" and into the realm of "plausible," as *Twombly*

17   demands.

18         The Court recommends that plaintiff provide a more definite statement of his claims in an

19   Amended Complaint. Plaintiff's Amended Complaint should contain numbered paragraphs and

20   include the following information:

21              1.   The name of each defendant and the accusations against him or her;

22              2.   The approximate date, including the year, that these events occurred;

23

REPORT AND RECOMMENDATION - 3

3.  Exhibits, if submitted, related only to the individuals and incidents named in the Amended Complaint.

The Court notes that plaintiff did not respond to defendants' current motion though defendants gave him notice that some or all of his claims would be dismissed if the motion was decided against him. *See* Dkt. 27. Should plaintiff fail to file an Amended Complaint **within 21 days** of the date of the order adopting the Report and Recommendation, the Court may recommend dismissal of this matter without prejudice for failure to comply with a court order and failure to prosecute.

The Court recommends denying defendants' motion to consolidate this case with C18-46-RSL-BAT and C18-218-JCC-MAT. Although the other cases share some issues and defendants, the Court is not yet convinced that it would be best to sweep every defendant, claim, and successive time period into a single omnibus case *in perpetuum*. Defendants may, however, renew their motion to consolidate after the Court has resolved any dispositive motions on the Amended Complaint.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 28, 2018.** The Clerk should note the matter for **August 31, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION - 4

then be ready for the Court's consideration on the date the response is due. **Objections and responses shall not exceed twelve (12) pages.** The failure to timely object may affect the right to appeal.

DATED this 7th day of August, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5